### PEOPLE *v.* RONTEY.

(*Supreme Court, General Term, First Department.* January 28, 1889.)

1. DRUGGISTS—REGISTRATION—KNOWLEDGE OF LAW.
  On a trial for keeping a pharmacy without being registered, as required by statute, evidence that defendant had said, in conversation, that he was not registered; that he knew of the statute requiring registration, and that it was "imperfect and un-American;" and that it was not a matter of fact, but of law, whether he was proprietor of the store in which the conversation occurred,—sufficiently shows that he knew the legal necessity of registration.

2. CRIMINAL LAW—CONFESSION—CORROBORATION.
  Testimony of the witness with whom the conversation was held that it occurred in a store having the general characteristics of a drug-store, a prescription counter and jars, which defendant said contained drugs, arranged on shelves, defendant himself, on his cross-examination as a witness, testifying that such jars contained drugs, sufficiently corroborates defendant's confession, though witness admits that he did not personally know that the jars contained drugs.

3. INDICTMENT AND INFORMATION—DUPLICITY.
  The indictment, being under consolidation act of New York city, (Laws 1882, c. 410,) §§ 2015-2024, and following the language of the statute, is not void for duplicity, though it charges that defendant, "not being a registered pharmacist known as a 'graduate in pharmacy,'" within the meaning of the act, "did unlawfully open and conduct a certain pharmacy," "and, not being registered according to the requirements" of the act, did "unlawfully keep open shop" for retailing medicines, "against the form of the statute," etc.

4. DRUGGISTS—FAILURE TO REGISTER—INDICTMENT—BURDEN OF PROOF.
  Under such an indictment, the prosecution is not bound to prove that defendant was not a "registered pharmacist," within the meaning of the act, in the first instance.

**5. SAME—REGULATION—REPEAL OF STATUTE.**

 Sections 2015–2024 of the consolidation act are not repealed by Pen. Code N. Y. §§ 725, 726, providing that nothing in that Code shall affect certain existing statutes, not specifying the consolidation act, and that all acts and parts of acts inconsistent with the Code are repealed, so far as they impose any punishment for crime, except as therein provided, and by section 405, prescribing the qualifications of persons employed in pharmacies, and the punishment for violating the section; as the latter section applies only to employes, while the consolidation act applies to proprietors.

**6. SAME—CONSTITUTIONAL LAW.**

 Section 2017 of the consolidation act New York provides for an examination of applicants for pharmacist's license before the board established by act March 28, 1871, or the board of pharmacy created by Laws 1872, c. 817, and provides that the latter act is "continued by this title," and sets it out *in hæc verba.* The act of 1871 had been repealed by the act of 1872. Section 2018 of the consolidation act is a transcript of the provisions of the act of 1872, relating to creation of the board mentioned. *Held,* that the consolidation act was not unconstitutional, on the ground that section 2017 made the acts of 1871, 1872, a part thereof, without inserting them therein, as required by Const. N. Y. art. 3, § 17.

**7. SAME—FAILURE TO APPOINT EXAMINING BOARD.**

 It is no defense that there was no board of pharmacy for examination and registration, as contemplated by the consolidation act, § 2018, and the act of 1872, in existence, as defendant could have compelled the appointment of such a board.

Appeal from court of general sessions, New York county.

Indictment of Abel M. Rontey for opening and conducting a pharmacy without license.

The indictment charged that said Rontey, "not being a registered pharmacist known as a 'graduate in pharmacy,' or as a 'licentiate in pharmacy,' within the meaning of title 6, c. 25, of the New York city consolidation act of 1882, did unlawfully open and conduct a certain pharmacy and store for retailing, dispensing, and compounding medicines and poisons, and, not being registered according to the requirements of the above-mentioned title, did then and there unlawfully keep open shop for the retailing and dispensing of such medicines and poisons, against the form of the statute in such case made and provided." Defendant was convicted, and appeals. Pen. Code N. Y. §§ 725, 726, referred to in the opinion, provide that nothing in that Code shall affect certain existing statutes, the consolidation act not being specified, and enact that "all acts and parts of acts which are inconsistent with the provisions of this act are repealed, so far as they impose any punishment for crime, except as herein provided."

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*Henderson & Treadwell,* (*L. B. Treadwell,* of counsel,) for appellant. *John R. Fellows,* Dist. Atty., (*McKenzie Semple,* of counsel,) for the People.

BRADY, J. The defendant was indicted under the New York city consolidation act of 1882, for unlawfully opening and conducting a certain pharmacy and store for retailing, dispensing, and compounding medicines and poisons; he not being a registered pharmacist known as a "graduate in pharmacy," or as a "licentiate in pharmacy," and not being registered according to the requirements of the act mentioned. Upon the trial a conversation was proved to have taken place between the appellant and a witness, in which he was asked if he was registered, and he said he was not. He said he had heard about the law requiring registration, and that it was not a matter of fact, but a matter of law, whether he was the proprietor of the store in which the conversation took place, and which had all the paraphernalia of a "drug-store," known as such in common parlance. In that conversation he expressed his opinion of the law as imperfect and as un-American. This is sufficient to justify the conclusion that he knew of the provisions of the act to which reference has been made, and the necessity of registration.

It is urged on the part of the defendant that his confession required corroboration; but this seems to have been furnished for the witness who had the conversation to which reference has been made, and who stated that he saw

jars containing drugs arranged on shelves, a prescription counter which stood apart from the other portion of the store, and the general characteristics of a drug-store. It is true that, on being asked in reference to it, the witness said that he did not test any of them, and did not know of his own knowledge that they contained drugs, but he asserted that the appellant told him they did. This was held by the recorder to be sufficient to put the appellant to his answer. Under the authorities, this was enough. Slight evidence is sufficient. *People* v. *Jaehne*, 103 N. Y. 182, 8 N. E. Rep. 374; *People* v. *O'Neil*, 109 N. Y. 251, 16 N. E. Rep. 68. But it may be observed, in passing, that the defendant, when cross-examined as a witness, testified that the jars in question contained drugs; thus making that part of the prosecution complete, if any doubt had previously existed.

The appellant also objects to the indictment for duplicity. An examination of it leads to the conclusion that but one offense is charged, and that is that the appellant was neither a graduate in pharmacy nor a licentiate, and that he unlawfully opened and conducted a drug-store, not being registered according to the requirements of the statute. The fault, if any, as suggested by the counsel for the people, is in the pleader's following the language of the act, which in some respects may be considered unskillful; two sections, namely, sections 2015 and 2023, using the same language to describe the same offense. Section 2015, for example, defines the constituent elements of the crime in question, but does not prescribe the penalty which was left for section 2023, in which will be found the penalty for all violations, not only of section 2015, but for the other provisions of the title. This is regarded as a sufficient answer to the objection stated.

The people omitted to prove that the appellant was not a registered pharmacist or a licentiate in pharmacy, within the meaning of the act of 1882. Although, perhaps, this was not distinctly raised as a point in the case, it may be considered in passing; and all that it is necessary to say of it is that the people were under no obligation to prove that in the first instance. This is settled by two adjudications: *Apothecaries Co.* v. *Bentley*, 1 Car. & P. 538; *People* v. *Nyce*, 3 N. Y. Crim. R. 50.

It is contended, also, in favor of the defendant, that the sections under which the defendant was indicted, namely, sections 2015–2024, inclusive, of the consolidation act, were expressly repealed by sections 405, 725, 726, Pen. Code. This is an erroneous view of the Penal Code, for the reason that section 405 of that act relates to persons who are employed in a drug-store or apothecary's shop, and not to the proprietors,—a distinction which the learned counsel for the appellant seems to have overlooked. It will be observed, upon examination, that it does not render it unlawful for a person to open or conduct a store for dispensing or compounding medicines or poisons. It does not prescribe what class of persons may or may not be proprietors, nor does it refer to the competency and qualifications of the heads of establishments. It is only designed to secure the attendance of competent clerks in such places, and to render it unlawful for any employe to accept such a position unless he possesses the requisite qualifications. In this respect the provisions of the consolidation act are radically different. It is intended to reach, not only the incompetency of drug clerks, but the incompetency of proprietors of establishments for retailing and dispensing medicines; the obvious theory of the legislation being that the head of the establishment must himself understand the business in order to insure safe, intelligent, diligent, and efficient service on the part of his clerks, as suggested by the counsel for the people. It necessarily follows from this view that, so far as the consolidation act renders it unlawful for any persons, save such as possess the prescribed qualifications, to act as proprietors of pharmacies or drug-stores, it is not at all in conflict with and is not repealed by the provisions of the Penal Code.

It is further objected that the provisions of the consolidation act upon

which the indictment was framed were unconstitutional and void; the reason assigned being that section 2017, made two existing laws, to-wit, chapter 202 of the Laws of 1871 and chapter 817 of the Laws of 1872, a part of the consolidation act, without inserting them therein as required by article 3, § 17, of the constitution of the state, which is as follows: "Sec. 17. No act shall be passed which shall provide that any existing law, or any part thereof, shall be made or deemed a part of said act, or which shall enact that any existing act, or any part thereof, shall be applicable, except by inserting it in such act." It has been said that this provision of the constitution was to prevent blind legislation. *People* v. *Hayt*, 7 Hun, 39. But, however this may be, the answer to the proposition is that the section referred to is not subject to the criticism pronounced upon it. The only provision of the consolidation act which refers to the act of 1871 is to be found in section 2017, which in effect relieves persons who may have been examined and licensed by the board provided for by that act from the necessity of the examination provided for by the act of 1872, and continued by title 6, c. 25, of the consolidation act. Section 2017, it is true, provides for an examination before the board established by the act passed March 28, 1871, or the board of pharmacy created by chapter 817 of the Laws of 1872, and, to use the language of the section, "continued by this title." The act of 1871 had been repealed by the act of 1872, and it is clear, from the language of the section, that it was intended to continue the provisions of the act of 1872 which were set out *in hæc verba* in section 2017. If it were the object to continue the existence of the board of pharmacy created by the act of 1872, then it was acomplished by the repetition of the act relating to that subject. But the existence of the board was in fact continued and perpetuated by the enacting provisions of section 2018, which is a transcript of section 4 of the act of 1872, and which provided for the creation and organization of the board mentioned. There is therefore no value in this assertion of unconstitutionality.

The further ground is taken on behalf of the appellant that there was no board of pharmacy in existence as contemplated by the act of 1872, and section 2018 of the consolidation act, and that the appellant was not able, therefore, to obtain the certificate, or to make the registration required. This fact, assuming it to be true, does not relieve the appellant from the penalties imposed by the consolidation act. If the law existed requiring the appointment of the board, it was the duty of the authorities to appoint the necessary and proper persons to accomplish the object of the statute. If they failed to do that, they could be compelled by proper proceedings to do it. If the appellant was desirous of conforming to the law, he should have required the proper board of pharmacy to be appointed, as he might have, and then proceed to get from it the necessary qualifications to enable him to transact his business. The statute was in the nature of a police regulation, aimed at greater safety to the people, by requiring that drugs should be dispensed only by experienced persons, to whom alone that duty should be assigned, and who alone should be permitted to discharge it. The appellant, therefore, was not justified in openly disregarding the provisions of the statute, which required important and substantial forms to be observed before attempting to sell drugs and medicines. Public safety must be regarded as superior to any private rights, and his business must yield to the necessities recognized by proper legislation. We find therefore, in the examination of this case, no reason for interfering with the judgment, and it must be affirmed. All concur.